**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: SELECT OILFIELD                                    CIVIL ACTION
SERVICES LLC

                                                         No. 16-16629
                                                         REF: 16-16779

                                                         SECTION I

**ORDER AND REASONS**

This consolidated lawsuit arose from an accident that plaintiff, Spike Guidry
("Guidry"), allegedly sustained while working as a captain aboard the SELECT 103,
a spud barge owned and operated by Guidry's employer, defendant Select Oilfield
Services, LLC ("Select Services").  Guidry asserts that he is a seaman entitled to
damages under the Jones Act and general maritime law.  He blames Select Services
and third-party defendant Manti Exploration Operating LLC ("Manti")—the
company to whom Select Services had contracted the SELECT 103 at the time of the
accident—for his injuries.

Manti now moves[1] for dismissal on the grounds that it was improperly joined
and that the claims against it are time-barred.  For the following reasons, the motion
is granted.

**I.**

After Guidry filed a lawsuit against Select Services in the Western District of
Louisiana, Select Services filed its own action in the Western District seeking to limit

---

[1] R. Doc. No. 13.

its liability pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and the

Supplemental Rules for Admiralty and Maritime Claims, as well as the Limitation of

Liability Act, 46 U.S.C. §§ 30505, *et seq.*  In his answer to that lawsuit, Guidry filed

a third party demand against Manti pursuant to Rule 14(c) of the Federal Rules of

Civil Procedure.[2]  The two Western District lawsuits were consolidated, transferred

to this District and separated, and then re-consolidated by this Court.  Manti's motion

was filed prior to the transfer.

## II.

Manti first argues that Guidry cannot implead Manti as a defendant under

Rule 14(c) because that rule does not allow the claimant in a limitation-of-liability

proceeding to implead a third party.  Judge Duval addressed that question in *In re*

*Katrina Dredging Limitation Actions Consol. Litig.*, No. 06-8676, 2008 WL 3876461,

at *3-4 (E.D. La. Aug. 20, 2008), and agreed with Manti's position.  The Court finds

Judge Duval's reasoning persuasive.

Rule 14(c) "permits a defendant to implead a third-party defendant for two

purposes: (1) to seek contribution or indemnification from the third-party defendant,

and (2) to tender the third-party defendant to the plaintiff."  *Ambraco, Inc. v. Bossclip*

*B.V.*, 570 F.3d 233, 242 (5th Cir. 2009).  Specifically, Rule 14(c)(1) provides:

> **(1) Scope of Impleader.**  If a plaintiff asserts an admiralty or maritime
> claim under Rule 9(h), the defendant or a person who asserts a right
> under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff,

---

[2] *See* R. Doc. No. 21, at 6 ("NOW, taking the position of Third-Party Plaintiff, Guidry, pursuant to the Federal Rules of Civil Procedure, and, more particularly, Federal Rule 14(c), Guidry files this Third-Party Complaint against Third-Party Defendant, Manti Exploration Operating, LLC . . . .").

bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

As Judge Duval recognized, "Rule 14(c) is a method by which a maritime defendant who is alleged to be liable for damages may implead a third-party to respond to those claims." *In re Katrina Dredging*, 2008 WL 3876461, at *4. Accordingly, "[c]laimants are not defendants as contemplated under this rule." *Id.* at *3.

Guidry is not a maritime defendant seeking contribution or indemnification from Manti; he is the plaintiff seeking to recover from both Manti and Select Services. While Select Services may have been able to implead Manti using Rule 14(c), Guidry clearly cannot do so. *See id.* ("The petitioner in proceedings for limitation of liability pursuant to the limitation statute may implead third parties . . . .") (internal quotations and citation omitted)). As such, the joinder of Manti by way of Rule 14(c) is improper, and Manti should be dismissed from this lawsuit without prejudice.

### III.

Because Manti's first argument for dismissal is correct, the Court does not address Manti's remaining arguments. For the foregoing reasons,

**IT IS ORDERED** that Manti is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, December 20, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

3